UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JULIO NEHOMAR ROSA,

    Plaintiff,

v.                               Case No: 2:17-cv-177-FtM-99MRM

MATTHEW KINNEY, Cpl. Deputy Sheriff, SEAN ELLIS, Cpl. Deputy Sheriff, JOHN BORCHERS, Cpl. Deputy Sheriff, PATRICK MCMANUS, Sgt. Deputy Sheriff, and STEVEN DEHAAN, Deputy Sheriff,

    Defendants.

**OPINION AND ORDER**

This matter comes before the Court on the Defendants Matthew Kinney, Sean Ellis, John Borchers, Patrick McManus, and Steven Dehaan's Motion for Summary Judgment (Doc. #85) filed on March 12, 2018. Plaintiff Julio Nehomar Rosa filed a Response in Opposition (Doc. #90) on April 25, 2018. For the reasons set forth below, the motion is granted in part and denied in part.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the

record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A court must decide 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Anderson, 477 U.S. at 251).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999) (quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983)(finding summary judgment "may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces

a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

**II.**

Plaintiff's Third Amended Complaint (Doc. #22), filed on July 10, 2017, is the operative pleading in this case. Plaintiff brings a civil rights action under 28 U.S.C. § 1983 alleging that Deputies Kinney, Ellis, Borchers, McManus, and Dehaan of the Collier County Sheriff's Office (CCSO) violated his Fourth Amendment right to be free from the excessive use of force when they arrested him on February 22, 2016, at his residence. All officers assert they are entitled to summary judgment because: (1) plaintiff's claim is barred by Heck v. Humphery, 512 U.S. 477 (1994); and (2), even if the claim is not Heck-barred, each officer is entitled to qualified immunity.

**A. Heck v. Humphery Bar**

As discussed in more detail below, on February 22, 2016, deputies were called to Plaintiff's residence by his sister. An altercation between Plaintiff and the deputies took place, and Plaintiff was ultimately arrested. In due course, plaintiff pled nolo contendere to the charges of battery on a law enforcement officer, resisting with violence, and depriving an officer of means of protection or communication, and was sentenced to five years

3

imprisonment. (Doc. #85, Rosa Depo, Ex. A, 8:10-23). The convictions and sentences have never been determined to be invalid.

Defendants argue that any claim arising from the altercation at Plaintiff's residence and in the ambulance[1] is barred by Heck v. Humphery, 512 U.S. 477 (1994). In Heck v. Humphrey, the Supreme Court held:

> We hold that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the

---

[1] Defendants seek summary judgment as to plaintiff's allegations in his deposition that Deputy Ellis tried to suffocate him in the ambulance during the ride to the hospital. (Doc. #85, Rosa Depo, Ex. A 35:12-18). However, the Third Amended Complaint does not assert any action taken in the ambulance as part of plaintiff's excessive force claim, and plaintiff does not discuss this event in response to the summary judgment motion. As no claim of excessive force in the ambulance is presented by plaintiff, the Court need not address this aspect of defendants' motion.

4

> plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 486-87 (footnotes omitted). Under these principles not all claims of excessive force during an arrest are barred by Heck, even if a conviction has not been determined to be invalid. "[A]s long as it is possible that a § 1983 suit would not negate the underlying conviction, then the suit is not Heck-barred." Dyer v. Lee, 488 F.3d 876, 879–80 (11th Cir. 2007). "[C]ourts will allow § 1983 suits to proceed when it is possible that the facts could allow a successful § 1983 suit and the underlying conviction both to stand without contradicting each other." Id. at 881. Dyer, 488 F.3d at 881-84. There is no Heck bar where success on a claim of excessive force would not necessarily imply the invalidity of the conviction. Hadley v. Guiterrez, 526 F.3d 1324, 1331-32 (11th Cir. 2008); Clement v. McCarley, 708 F. App'x 585, 589–90 (11th Cir. 2017); Carver v. Nelson, 672 F. App'x 984, 985 (11th Cir. 2017); Cortes v. Broward County, Fla., 18-12461, 2018 WL 6629218, at *4 (11th Cir. Dec. 18, 2018).

Thus, to succeed on this portion of their summary judgment motion, defendants must show that even though the convictions have not been invalidated, success on the excessive force claim would necessarily imply the invalidity of the convictions. The record

submitted by defendants falls woefully short of establishing such a fact. Defendants have failed to provide the Court with the basic state court documents which may establish a Heck bar to this claim. Defendants failed to provide the Court with a copy of the charging document, Plaintiff's plea colloquy, the State's proffered factual basis for the nolo contendere plea, or even the underlying State Court case number. There are five Defendants in this case, but they do not identify which deputies were the victims of what specific conduct by Plaintiff which formed the basis of his convictions. It is therefore impossible to establish that Heck bars this suit, regardless of the disputes in the underlying facts in this case. Dyer, 488 F.3d at 882; Hadley, 526 F.3d at 1331. Because the Court does not have information from which a Heck-barred determination can be made, the Defendants' motion for summary judgment is denied as to a Heck bar.

**B. Qualified Immunity**

Alternatively, Defendants argue that the case should be dismissed based upon qualified immunity. The Court agrees. Viewing the evidence in the light most favorable to plaintiff, he has failed to show that any officer is not entitled to qualified immunity for conduct at the residence. That is, plaintiff has not demonstrated that the officers' actions were clearly unreasonable in the circumstances facing the officers at the time.

Qualified immunity shields government officials acting within their discretionary authority from liability when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Nam Dang by & through Vina Dang v. Sheriff, Seminole Cty. Fla., 871 F.3d 1272, 1278 (11th Cir. 2017)(quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). If an official is acting within the scope of his discretionary authority, the plaintiff must prove "that qualified immunity is not appropriate." Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002). "We are required to grant qualified immunity to a defendant official unless the plaintiff can demonstrate two things: (1) that the facts, when construed in the plaintiff's favor, show that the official committed a constitutional violation and, if so, (2) that the law, at the time of the official's act, clearly established the unconstitutionality of that conduct." Singletary v. Vargas, 804 F.3d 1174, 1180 (11th Cir. 2015).

**(1) Discretionary Authority**

"An official seeking qualified immunity must initially establish that he was acting within his discretionary authority. If the official was acting within the scope of his discretionary authority, the burden shifts to the plaintiff." McLish v. Nugent, 483 F.3d 1231, 1237 (11th Cir. 2007). At all relevant times all the deputies were acting within their discretionary authority as police officers under color of state law. This is undisputed and

affirmatively pled by the Plaintiff in his Amended Complaint. (Doc. #22 at 7-10).

**(2) Violation of Constitutional Right**

The burden shifts to plaintiff to show that qualified immunity should not apply to the deputies for their conduct during the arrest process. To do so, plaintiff must show that the deputies committed a constitutional violation which was clearly established. Vargas, 804 F.3d at 1180.

**(a) Whether Officers' Conduct Constituted Excessive Force**

Excessive force claims arising out of an arrest are analyzed under the Fourth Amendment's objective reasonableness standard. Brosseau v. Haugen, 543 U.S. 194, 197 (2004) (citations omitted); Edwards v. Shanley, 666 F.3d 1289, 1295 (11th Cir. 2012). "An officer will be entitled to qualified immunity if his actions were objectively reasonable, that is, if an objectively reasonable officer in the same situation could have believed that the force used was not excessive." Kesinger v. Harrington, 381 F.3d 1243, 1247-48 (11th Cir. 2004).

The Court asks "whether the officer's conduct is objectively reasonable in light of the facts confronting the officer", and judges the reasonableness of the use of force "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Edwards, 666 F.3d at 1295 (internal quotation marks omitted). In determining whether the use of force

was reasonable, the Court considers factors such as (1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of the officers or others; (3) whether the suspect is actively resisting arrest or attempting to evade arrest by flight; (4) the need for the application of force, (5) the relationship between the need and the amount of force used, (6) the extent of the injury inflicted and, (7) whether the force was applied in good faith or maliciously and sadistically. Slicker v. Jackson, 215 F.3d 1225, 1233 (11th Cir. 2000); Hadley v. Gutierrez, 526 F.3d 1324, 1329 (11th Cir. 2008); Edwards, 666 F.3d at 1295.

"Although suspects have a right to be free from force that is excessive, they are not protected against a use of force that is necessary in the situation at hand." Jean-Baptiste v. Gutierrez, 627 F.3d 816, 821 (11th Cir. 2010) (quotations omitted). "[T]he right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Graham v. Connor, 490 U.S. 386, 396 (1989). "In determining the reasonableness of the force applied, we look at the fact pattern from the perspective of a reasonable officer on the scene with knowledge of the attendant circumstances and facts, and balance the risk of bodily harm to the suspect against the gravity of the threat the officer sought to eliminate." McCullough v. Antolini, 559 F.3d 1201, 1206 (11th Cir. 2009).

The record reflects that on February 22, 2016, after receiving bad news regarding his ability to visit one of his children Plaintiff drank vodka and smoked marijuana just prior to the incident with Defendants. (Doc. #85, Ex. A, 21:19-22:18). Plaintiff's sister called 911 and advised that Plaintiff was acting strangely. (Doc. #22 at 7). Plaintiff's nephew, Kaniel Irizarry, saw him ranting, singing, and ripping food from the freezer. (Doc. #85, Kaniel Irizarry Depo., Ex. B, 11:2-5). At approximately 8:19 PM, deputies from the Collier County Sheriff's Office were dispatched to Plaintiff's apartment. (Doc. #22 at 7).

Deputy Kinney was the first to arrive at the scene. Id. Deputy Kinney entered the residence and found it empty, with the door to one of the bedrooms locked. Id. Deputy Kinney went back outside and asked Plaintiff's sister if that was Plaintiff's bedroom. Id. Plaintiff's sister returned inside with Deputy Kinney and identified the room as Plaintiff's bedroom. Id. Plaintiff was inside asleep. Id.;(Doc. #85, Rosa Depo, Ex A at 23:1-25, 26:1). Deputy Kinney approached Plaintiff, and while the details of the ensuing struggle are disputed, there are no material factual disputes which affect the excessive force analysis.

Deputy Kinney states that as he entered the bedroom he announced "Sheriff's Office" a few times as he shone his flashlight on Plaintiff where he was sleeping. (Doc. #22, Ex. A at 17). Deputy Kinney reported that Rosa lunged at him from the bed and

10

struck him with a closed fist. Id.  As the two continued to struggle, Plaintiff told Deputy Kinney that he was going to kill him. Id.  Plaintiff admits that he was fighting the Deputy for his life, and started punching trying to protect himself from what he believed was a robbery. (Doc. #85, Rosa's Depo, Ex. A, Id. at 26:1-19.  Deputy Kinney struggled with Plaintiff, which included punching, kicking, and slamming Plaintiff into a wall. Id. at 27:23-29:3. Deputy Kinney tasered Plaintiff in the right side of his chest. Id.  As Plaintiff and Deputy Kinney struggled, Deputy Kinney struck Plaintiff in the face and head multiple times with his closed fist and hit him with his flashlight. Id.  Plaintiff kept fighting, even after he noticed that it was police officers he was fighting. Id. at 25:23-25, 25:1.

Deputy Ellis and Dehaan arrived and assisted Deputy Kinney in subduing and handcuffing Plaintiff. Id.  Plaintiff states that Deputy Dehaan grabbed him by the neck several times punching, kicking, and choking him so he could not breathe. (Doc. #22 at 8). Deputy Dehaan grabbed Plaintiff's arm and twisted it upward. Id. Deputy Borches struck Plaintiff after he was restrained in handcuffs by placing his knee on his shoulder and punching him in the face. Id. at 9.  Plaintiff threatened to kill the Deputies and their families. Id.  Even after Plaintiff had been handcuffed and was sitting on the bed, he stood up several times and moved toward

Deputies Ellis and Dehaan. Id. Deputy Ellis would then push Plaintiff back down on the bed. Id.

The Court finds the Deputies' conduct at the residence was objectively reasonable in light of the facts confronting the Deputies. While the Deputies were performing a public welfare check based upon the request of a relative, it was clear from Plaintiff's conduct that he posed an immediate threat to their safety. Plaintiff was actively and violently fighting with and resisting the Deputies, and there was an obvious need for the application of force. None of the force utilized was disproportionate to the force needed to address Plaintiff's violent conduct. The injury inflicted on Plaintiff was no more than necessary, and it was applied in good faith and not with malice or other improper motive.

**(b) Clearly Established Constitutional Right**

The Court must determine if the constitutional right the officers violated was clearly established at the time of the incident. Tolan, 573 U.S. at 656. A federal right is "clearly established" when "at the time of the officer's conduct, the law was sufficiently clear that every reasonable official would understand that what he is doing is unlawful." D.C. v. Wesby,--- U.S. ---, 138 S. Ct. 577, 589 (2018) (quotations omitted). "We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond

debate." Mullenix v. Luna, --- U.S. ---, 136 S. Ct. 305, 308 (2015) (emphasis added); Wesby, 138 S. Ct. at 589.

The constitutional right that was and is clearly established is that an officer may not use "gratuitous and excessive force against a suspect who is under control, not resisting, and obeying commands." Stephens v. DeGiovanni, 852 F.3d 1298, 1328 (11th Cir. 2017) (quoting Saunders v. Duke, 766 F.3d 1262, 1265 (11th Cir. 2014)). See also Hadley v. Gutierrez, 526 F.3d 1324, 1330 11th Cir. 2008) (allowing excessive force claim to proceed when officer punched an arrestee who was handcuffed, did not pose a danger to the officer, and was not resisting arrest); Lee v. Ferraro, 284 F.3d 1188, 1198 (11th Cir. 2002) (allowing excessive force claim to proceed when officer slammed arrestee's head onto the hood of a car when she was handcuffed, not posing a threat to the officer, and not posing a flight risk); Thompson v. Mostert, 489 F. App'x 396 (11th Cir. 2012)(allowing excessive force claim to proceed when officer forced arrestee to ground and deployed a taser device to his back, even though arrestee did not resist being handcuffed); Hall v. Ala. Dep't of Pub. Safety, 249 F. App'x 749, 751 (11th Cir.2007) (allowing excessive force claim to proceed when officer sprayed arrestee with mace, after he was already subdued in handcuffs). As set forth above, the material facts establish that Plaintiff was not under control, was resisting, and was not obeying commands while the Deputies were engaged in the arrest process.

None of the actions of the Deputies were disproportionate to the actions of Plaintiff.

Accordingly, it is now

**ORDERED:**

1. Defendants Matthew Kinney, Sean Ellis, John Borchers, and Steven Dehaan's Motion for Summary Judgment (Doc. #85) is **DENIED** as to the <u>Heck</u> bar assertion and is **GRANTED** as to the qualified immunity assertion. Judgment shall be entered in favor of each defendant and against plaintiff on the Third Amendment Complaint (Doc. #22).

2. The Clerk shall enter judgment accordingly, terminate all deadlines and motions, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___5th___ day of April 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
All Parties of Record
SA: FTMP-2

14